**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| JUDITH KOLLER,<br>    *Plaintiff*,<br><br>     v.<br><br>WACHOVIA BANK, N.A.,<br>TIMOTHY HILDERBRAND,<br>TIMOTHY DUFF, and GARY HOFFKINS,<br>    *Defendants*. | No. 3:10-cv-00735 (JAM) |

**RULING GRANTING MOTIONS FOR SUMMARY JUDGMENT**

This case stems from the search and seizure by the police of plaintiff's safe deposit box at a branch of the Wachovia Bank in Greenwich, Connecticut. According to plaintiff, the police wrongfully searched her box under the mistaken impression that the items in the box belonged to someone else whom the police were investigating for criminal narcotics activity. Plaintiff further complains that the police did not notify her of the search and seizure of the box and also that they did not promptly return the items to her.

For the reasons set forth below, I will grant the police officers' motion for summary judgment as to plaintiff's federal constitutional claims on the ground that plaintiff has not established a violation of her constitutional rights for which the police defendants would not at the least have qualified immunity.[1] I will otherwise dismiss plaintiff's state law claims against the police and the bank for lack of federal jurisdiction.

BACKGROUND

The following allegations of facts are set forth in the light most favorable to plaintiff for

---

[1] In light of this conclusion, I need not address whether plaintiff's claims are barred by the statute of limitations.

purposes of my consideration of defendants' summary judgment motions. Almost twelve years ago, the police in Greenwich, Connecticut, investigated a certain target individual who is not a party to this suit but who was known to plaintiff and who was suspected to be involved in the illegal sale of narcotics.[2] Two of the investigating officers were defendants Timothy Hilderbrand and Gary Hoffkins.[3] A manager at the Wachovia Bank told Hoffkins that the target individual rented two safe deposit boxes at the bank. Hoffkins and another police detective then applied to a state court judge for a search warrant for any safe deposit boxes associated with the target individual.

On December 23, 2004, several police officers, including defendants Hilderbrand and Hoffkins, executed the search warrant, and at one of the bank's branches they seized property from a safe deposit box that they were told by a bank branch manager was associated with the target individual. According to plaintiff, however, this box was solely accessed by plaintiff and not by the target individual. Beyond being assured by the bank manager that the safe deposit box was associated with the target individual, Hilderbrand and Hoffkins did not examine underlying bank records to verify that the target individual had the right to access or had accessed the safe deposit box.

After being presented with the law enforcement warrant, the bank retained a third-party technician who drilled open the lock to the box in the presence of bank personnel and law

---

[2] The criminal records associated with that person were erased. *See* CONN. GEN. STAT. § 54-142a *et seq.* Any references to those erased records or to information identifying the individual named in those records were sealed by this Court. *See* Doc. #73.

[3] Plaintiff has also sued a third police officer, Timothy Duff, as to whom the complaint alleges was directing the actions of defendants Hilderbrand and Hoffkins. For purposes of summary judgment, however, plaintiff has not adduced any evidence of Duff's personal participation in the conduct at issue in the complaint, much less any evidence of his culpability. Accordingly, the Court will grant summary judgment for defendant Duff on the ground of the lack of a genuine issue of fact concerning his culpable personal participation. *See, e.g.*, *Raspardo v. Colon*, 770 F.3d 97, 116–17 (2d Cir. 2014) (discussing limits of supervisory liability for § 1983 constitutional tort claims).

enforcement officers. The officers then seized plaintiff's property, which included among other items jewelry, antique coins, plaintiff's will, and plaintiff's marriage license. In accordance with the notice requirements of state law, the officers gave a copy of the warrant to the bank on the day of the search, and they subsequently mailed to the bank a copy of the inventory of items taken.[4] Neither the bank nor the officers notified plaintiff or the target individual that the safe deposit box had been searched or that items had been seized by the police. Plaintiff did not learn that her items had been seized for nearly another five years until October 2009 when she went to the bank and learned that her property was gone.

In the meantime, plaintiff's property remained in the Greenwich police department's evidence vault. When plaintiff initially asked the police department for the return of her items, she was refused. Only after she filed this lawsuit in May 2010 did the police department eventually return her items. The target individual ended up retrieving the property from the police department on plaintiff's behalf.

In this lawsuit, plaintiff principally alleges constitutional causes of action under 42 U.S.C. § 1983, contending that the defendant police officers' seizure of her property without notice to her violated her right to be free from an unreasonable search and seizure under the Fourth Amendment to the United States Constitution as well as her right to due process under the Fourteenth Amendment to the United States Constitution.[5] She further asserts state law claims of

---

[4] *See* CONN. GEN. STAT. § 54-33c (providing in part that "a copy of such warrant shall be given *to the owner or occupant of the dwelling, structure, motor vehicle or place designated in the warrant*, or the person named in the warrant") (emphasis added); CONN. GEN. STAT. § 54-36f (providing in part that "whenever property is seized in connection with a criminal arrest or seized pursuant to a search warrant without an arrest, the law enforcement agency seizing such property shall give a receipt therefor to the person or persons from whom such property was seized *or to the person or persons having a possessory interest in the premises from which such property was seized*") (emphasis added).

[5] To the extent that the complaint could be read to assert a federal constitutional claim against not only the officers but also the bank, I conclude that plaintiff has abandoned any such constitutional claim that she may have had against the bank, because she has not disputed the bank's contention that it was not a state actor (Doc. #81 at 1 ¶ 3 (agreeing with bank's assertion that it was not a state actor)) and because she has not argued any federal

conversion and common law theft against the officer defendants, and she asserts state law claims against the bank for breach of contract, fraud, and violation of the Connecticut Unfair Trade Practices Act (CUTPA), CONN. GEN. STAT. § 42-110b *et seq*. All the defendants have now moved for summary judgment.

### DISCUSSION

The principles governing a motion for summary judgment are well established. Summary judgment may be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (*per curiam*). "A genuine dispute of material fact exists for summary judgment purposes where the evidence, viewed in the light most favorable to the nonmoving party, is such that a reasonable jury could decide in that party's favor." *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 843 (2d Cir. 2013). The evidence adduced at the summary judgment stage must be viewed in the light most favorable to the non-moving party and with all ambiguities and reasonable inferences drawn against the moving party. *See, e.g.*, *Tolan*, 134 S. Ct. at 1866; *Caronia v. Philip Morris USA, Inc.*, 715 F.3d 417, 427 (2d Cir. 2013). All in all, "a judge's function at summary judgment is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Tolan*, 134 S. Ct. at 1866.

### *Plaintiff's Federal Constitutional Claims and Qualified Immunity*

The Fourth Amendment protects the rights of the people "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const., amend. IV. The Fourth Amendment limits both searches and seizures. A "search" for purposes of the

---

constitutional claim against the bank in her memorandum of law in opposition to the bank's motion for summary judgment (Doc. #85 at 9–13).

Fourth Amendment occurs either when the police intrude upon a person's reasonable expectation of privacy or, alternatively, if the police otherwise trespass upon a suspect's person, house, papers, or effects for the purpose of acquiring information. *See Florida v. Jardines*, 133 S. Ct. 1409, 1414 (2013); *United States v. Jones*, 132 S. Ct. 945, 951 n.5 (2012). A "seizure" of property for purposes of the Fourth Amendment occurs when the police meaningfully interfere with an individual's possessory interest in that property. *See Soldal v. Cook County, Ill.*, 506 U.S. 56, 61 (1992).

The Fourteenth Amendment to the United States Constitution provides that a State shall not "deprive any person of life, liberty, or property, without due process of law." U.S. Const., Amdt. 14, § 1. The Due Process Clause protects both a right to "substantive" due process and "procedural" due process. A substantive due process claim requires a plaintiff to show that government officials have deprived plaintiff of a fundamental constitutional right and that they have done so under circumstances that are no less than "arbitrary" and "outrageous," typically as demonstrated by conduct that "shocks the conscience." *See, e.g., United States v. Medunjanin,* 752 F.3d 576, 590 (2d Cir. 2014) (substantive due process has generally protected "matters relating to marriage, family, procreation, and the right to bodily integrity"); *Natale v. Town of Ridgefield*, 170 F.3d 258, 262–63 (2d Cir. 1999) (substantive due process standards violated "only by conduct that is so outrageously arbitrary as to constitute a gross abuse of governmental authority"); *Velez v. Levy*, 401 F.3d 75, 93–94 (2d Cir. 2005) (describing the "shocks the conscience" standard).

A procedural due process claim requires a plaintiff to show that a state actor has deprived plaintiff of a liberty or property interest without the use of fair procedures to do so. As the Supreme Court has explained, the "standard analysis" for a claim of a violation of

procedural due process "proceeds in two steps: We first ask whether there exists a liberty or property interest of which a person has been deprived, and if so we ask whether the procedures followed by the State were constitutionally sufficient." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (*per curiam*); *see also Fusco v. State of Conn.*, 815 F.2d 201, 205 (2d Cir. 1987) (court must determine whether there was a property right, whether there was a deprivation of this right, and whether there was adequate process to justify deprivation of the right).

Not every police violation of the Constitution justifies an award of money damages in a civil lawsuit like this one. That is because the doctrine of qualified immunity protects police officers "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The Supreme Court has explained that "a defendant cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it." *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2023 (2014).

In this manner, "qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions." *Lane v. Franks*, 134 S. Ct. 2369, 2381 (2014). It follows that a police officer is entitled to qualified immunity if "(1) his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known, or (2) it was objectively reasonable for him to believe that his actions were lawful at the time of the challenged act." *Simpson v. City of New York*, 793 F.3d 259, 268 (2d Cir. 2015).

In light of the foregoing principles, I conclude that there is no genuine issue of fact to show that the police defendants violated plaintiff's constitutional rights or, alternatively, I

conclude that they are entitled to qualified immunity. As I understand it, plaintiff raises three related claims of unconstitutional actions by the officers: (1) that they unconstitutionally searched and seized her property; (2) that they did not furnish constitutionally adequate notice of the seizure of her property; and (3) that they unconstitutionally retained her property without timely returning it in response to her demand. I will consider each of these claims in turn below.

*1. Seizure of Property*

Plaintiff first contests the validity of the officers' seizure of her property, and I understand this aspect of her claim to raise solely an objection under the Fourth Amendment.[6] Plaintiff does not dispute that the officers had valid authority pursuant to a court-authorized search warrant to search and seize the items from her safe deposit box, and she does not contend that the Fourth Amendment is violated when police officers conduct a search and seizure pursuant to a court-authorized warrant. Instead, plaintiff argues that "at the time the property was taken from [the safe deposit box], defendants Hilderbrand and Hoffkins should have considered whether there was a possibility of error, since the box contained personal effects of an individual which did not match the description of property sought in the warrant." Doc. #85 at 16.

Even assuming plaintiff is correct that the officers could have done more to verify who owned the property seized, the officers' mistake would not amount to a violation of the Fourth Amendment. The officers could permissibly rely on the information furnished to them by bank personnel that the safe deposit bank in question was associated with the target individual and therefore within the scope of the search warrant. *See, e.g.*, *Illinois v. Rodriguez*, 497 U.S. 177

---

[6] Apart from the adequacy of any post-seizure notice procedures (which are further discussed in the next section below), plaintiff does not cite any authority to suggest that a search or seizure pursuant to a lawful court warrant under the Fourth Amendment may be constitutionally invalid under the Due Process Clause. *See, e.g.*, *Sanders v. City of San Diego*, 93 F.3d 1423, 1429 (9th Cir. 1996) ("when seizing property for criminal investigatory purposes, compliance with the Fourth Amendment satisfies pre-deprivation procedural due process as well").

(1990) (no violation of the Fourth Amendment when officers reasonably relied on consent of defendant's girlfriend to search apartment, despite later revelation that she did not have authority of a co-occupant of apartment to consent); *Maryland v. Garrison*, 480 U.S. 79 (1987) (no violation of the Fourth Amendment despite officers' reasonable mistake about scope of search warrant that led to search of wrong apartment). Plaintiff has not otherwise shown how the officers' conduct violated clearly established constitutional law of which an objectively reasonable law enforcement officer would have known. *See, e.g.*, *Messerschmidt v. Millender*, 132 S. Ct. 1235, 1245 (2012) (absent evidence that it was entirely unreasonable for police officer to believe that a search warrant was supported by probable cause, officer had qualified immunity for search and seizure conducted pursuant to search warrant).

*2. Notice of Seizure of Property*

Plaintiff next faults the officers for failing to advise her of their seizure of the items from the box. Indeed, it was clearly established law at the time of the officers' search and seizure in this case that "when law enforcement agents seize property pursuant to warrant, due process requires them to take reasonable steps to give notice that the property has been taken so the owner can pursue available remedies for its return." *City of West Covina v. Perkins*, 525 U.S. 234, 240 (1999).

But notwithstanding the notice requirement as set forth in *City of West Covina*, I cannot conclude that an objectively reasonable law enforcement would have believed that it violated plaintiff's rights under the Due Process Clause for the officers to serve the notice as they did in this case on the bank rather than directly on plaintiff. Although the bank did not end up alerting plaintiff to the search and seizure of her box, there is no reason to suppose that the officers would

have believed that the bank would not notify its customer.[7] The facts of this case (involving a search and seizure from a safe deposit box at a bank) are different from those in *City of West Covina* (involving a search and seizure from a home) and where the Supreme Court acknowledged that "individualized notice" to the home owner would have been the only "reasonable means" of alerting the home owner to the search and seizure action. *Id.* at 241.[8]

Moreover, when the officers served notice on the bank rather than directly on plaintiff, they were acting in accordance with state law that allows service of notice on the owner of the premises that are searched. *See supra* note 3 (citing CONN. GEN. STATS. § 54-33c(b) & § 54-33f).[9] Because the officers complied with and relied on the notice requirements of state law, an objectively reasonable law enforcement officer would not have known that he was violating plaintiff's constitutional rights, and therefore the officers are entitled to qualified immunity. "Unless a statute is clearly unconstitutional, an officer cannot be expected to question the judgment of the legislature that passed the law." *See Illinois v. Krull*, 480 U.S. 340, 350 (1987); *see also Amore v. Novarro*, 624 F.3d 522, 529–35 (2d Cir. 2010) (qualified immunity for officer who effectuated arrest pursuant to statute and despite fact that statute had been ruled unconstitutional).

---

[7] Plaintiff herself contends that the bank "certainly had an obligation to send a copy of the property receipt it obtained from the defendant police officers" to plaintiff as the lessee of the safe deposit box. Doc. #85 at 3. Although there is no occasion for me in this ruling to determine if the bank had such an obligation, plaintiff's contention underscores that an objectively reasonable law enforcement officer could well have believed that the bank would furnish notice to its customer.

[8] Plaintiff misplaces her reliance on the Supreme Court's decision in *United States v. James Daniel Good Real Property*, 510 U.S. 43 (1993), which is a case that concerns due process protections in the context of civil forfeiture proceedings involving real property, rather than in the context of law enforcement's collection of personal property evidence as part of a criminal investigation. *See id.* at 52 (noting that "the Government seized property not to preserve evidence of wrongdoing, but to assert ownership and control over the property itself").

[9] The Supreme Court cited Connecticut's notice statutes in an appendix to its opinion in *City of West Covina* and without suggesting that Connecticut's notice statutes are insufficient under the Due Process Clause.

*3. Failure to Return Property*

To the extent that plaintiff claims that the police should have returned her property sooner, I cannot conclude that there is enough evidence here to create a jury issue that any of the individual police defendants should be personally liable for their failure to do so. To begin with, the failure of the police to return property that was properly seized pursuant to a warrant in the first instance does not violate the Fourth Amendment. *See Shaul v. Cherry Valley-Springfield Cent. Sch. Dist.*, 363 F.3d 177, 187 (2d Cir. 2004). Although the police's failure to return seized property may be otherwise actionable as a violation of due process, no substantive due process claim may be maintained absent a showing that the police's failure to return the property was anything more than negligence. *Ibid.* (no due process claim for plaintiff whose items were removed by police from a classroom and allegedly not all returned to him; plaintiff "does not pursue such a claim [of a violation of due process] and, indeed, could not because he has failed to adduce any evidence that the government's inability to return his property was due to anything other than negligent maintenance," and "it is well established that mere negligence is insufficient as a matter of law to state a due process violation"). Here, there is no evidence of anything but negligence to explain the delay in return of the property to plaintiff.

As for any procedural due process claim, plaintiff has not shown that she lacked a post-deprivation procedure and remedy to seek the return of her property. *See, e.g.*, *Victory v. Pataki*, 814 F.3d 47, 63 n.13 (2d Cir. 2016). To the contrary, even after learning of the police's retention of her property, neither plaintiff nor the target individual filed a motion as they could have for the return of her property as provided under state law. *See* CONN. GEN. STAT. § 54-33f (providing in part that "a person aggrieved by search and seizure may move … the court which issued the warrant … for the return of the property"); *see also Malapanis v. Regan*, 335 F. Supp. 2d 285,

10

292–93 (D. Conn. 2004) (discussing additional Connecticut statutes).

In any event, even assuming that plaintiff could maintain her claim for the police department's failure to return her property at an earlier time, she has not shown as to any of the individual police officer defendants that they had an individual and continuing duty to ensure the return of her property once the property was lodged by them several years before into the police department's evidence vault. To the contrary, plaintiff has agreed with the assertion of the police officer defendants that "at all times the seized property was in the secure custody of the Greenwich Police Department Evidence and Property Section, [defendants] did not have possession or control of, or access to the seized property." Doc. #67-2 at 12 (¶ 33); Doc. #82 at 3 (agreeing with defendants' factual statement at ¶ 33).

In short, I will grant summary judgment for the police officer defendants on plaintiff's federal constitutional claims. No genuine issue of fact or law remains to show that the officers violated the constitutional rights of plaintiff or, alternatively, that they are not entitled to qualified immunity.

### Remaining State Law Claims

In light of my dismissal of the federal law claims, only state law claims against the officers and the bank remain for which there is no independent basis for federal jurisdiction. Although plaintiff claimed in her complaint that she was a citizen of the State of New York, it was learned during discovery that she is and was a citizen of Connecticut at the time that her complaint was filed. Accordingly, because the defendant officers—against whom she has asserted state law claims of conversion and theft—are citizens of Connecticut, there is no complete diversity and therefore no basis for federal diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). I will

otherwise decline to exercise my discretion to retain jurisdiction over these state law claims. *See*

28 U.S.C. § 1367(c)(3); *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 121–22 (2d Cir.

2006).

### CONCLUSION

The defendants' motions for summary judgment (Docs. #67, #68) are GRANTED as to

all federal claims and, because there is no independent basis for federal jurisdiction, I decline

supplemental jurisdiction over the remaining state law claims. The Clerk of Court shall close this

case.

It is so ordered.

Dated at New Haven, Connecticut, this 12th day of September 2016.

*/s/ Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge